## ELIZABETH L. KINNEY, Appellant *v.* HANNAH LEWIS, Respondent.

1. Filing Statement in Townsite Case.—Under the act of the Territorial legislature, prescribing rules and regulations under the Townsite Act, (Compiled Laws, p. 379) an application of a claimant was filed after the six months limited by that act, and on the same was endorsed the words "By permission cause considered sufficient." *Held*, That it will be presumed that the court properly allowed the filing, and that sufficient cause had been shown.

2. Service of Notice of Appeal—Judgment Roll.—Where the findings of the court in a judgment roll offered in evidence show that the notice of appeal from an inferior court was duly served, this will be binding in any collateral attack, notwithstanding that there is no other written proof of service in the record.

3. Jurisdiction.—Wherever the jurisdiction of a court depends upon a fact which it is required to ascertain and settle by its decision, such decision if the court had jurisdiction of the parties, is conclusive and not subject to any collateral attack.

4. Mayor's Deed Under the Townsite Law.—A mayor's deed under the Townsite Act need not be witnessed, and is sufficient to show title in the grantee, without showing any preceding decree or judgment of a court.

Appeal from the Third Judicial District Court.

The facts appear in the opinion of the court.

*Tilford & Hagan,* for appellant.

All parts of the record must be examined in order to ascertain the jurisdictional facts. A notice of appeal is no part of the judgment roll. Practice Act, § 203.

It may happen that when part of a record fails to show evidence of service of process that *other* parts may disclose the fact that the matter of jurisdiction has been considered and passed upon and determined by the court. When the findings or judgment states that a party has been duly served, this is as conclusive upon the parties in all collateral proceedings as any adjudication the court can make. In the case at bar the

judgment roll specially recites that a "notice of appeal had been duly served and an undertaking filed," etc.

In a collateral proceeding this is a conclusive determination by the court and cannot be questioned. See Freeman on Judgments and cases there cited, §§ 130, 131, p. 103; Id. pp. 104–106; *Hahn* v. *Kelley*, 34 Cal. 392.

The fact that the notice of appeal on file is *silent* as to service, does not overcome or *dispute* the recital in the finding that it was served. *Reeve* v. *Kennedy*, 43 Cal. 652; *Sharp* v. *Brunnings*, 35 Cal. 533; *McCauley* v. *Fulton*, 44 Cal. 361; *Vassault* v. *Austin*, 36 Cal. 695; *Quivey* v. *Porter*, 37 Cal. 462; *Hamilton* v. *Wright*, 37 N. Y. 502; *Carpenter* v. *Oakland*, 30 Cal. 439; *Reynolds* v. *Stansberry*, 20 Ohio, 344; Freeman on Judgments, § 124, *et seq.*

The record of the Probate Court shows that Mrs. Kinney filed two statements, and that the court took jurisdiction of the case any way and decided it. It is too late now to object that no application was filed in that case as no such objection was made therein. One statement was filed in time. The other was filed by permission.

The deed of the mayor should have been admitted. No foundation was necessary for its admission. *People* v. *Stratton*, 25 Cal. 251; *Terry* v. *Megerle*, 24 Cal. 629.

The mayor of Salt Lake City takes the grant from the General Government of the United States in trust for the person entitled thereto. Every preceding step is presumed to have been taken and rightly taken.

*Sutherland & McBride*, for respondent.

There was a want of jurisdiction in the Probate Court, because the plaintiff's claim was not seasonably filed. She was limited to six months from Nov. 24, 1871, and her statement was filed Sept. 10, 1872. C. L. of Utah, p. 380, §§ 2, 3.

Filing the statement was a condition; for by section 3 the claim is declared barred if not filed within the time limited. See *Shaw* v. *Randall*, 15 Cal. 384.

33

When a time is fixed by statute, courts have no dispensing power. *Moot* v. *Parkhurst*, 2 Hill, 172; *Bleeker* v. *Wiseburn*, 5 Wend. 136.

By a proviso to section 3, a power is given to extend the time not exceeding a year. It is in these words: " That when good cause is shown why such statement could not be filed within the time herein specified, the judge may extend the time."

On the plaintiff's statement the judge endorsed these words: " By permission, cause considered sufficient.—E. SMITH, Probate Judge." This does not show an exercise of the power granted by the proviso.

The time had expired and could not be extended. The proviso does not purport to give power to extend the time retrospectively, for that would be a power to excuse neglect. *Bear River, etc., Co.* v. *Bates*, 24 Cal. 354; *Campbell* v. *Jones*, 41 Cal. 518; *Clark* v. *Strouse*, 11 Nevada, 79; *Dawes* v. *N. R. Ins. Co.*, 7 Cow. 467; *Doty* v. *Brown*, 3 How. Pr. 375.

It does not appear that good cause was shown. There is no statement that good cause was shown, and good cause does not appear. The proviso requires good cause of a specific character; that is, good cause " why such statement could not be filed within the time." There is no intimation that such a cause was shown, or that it was that cause which was " considered " sufficient. See 2 Whart. on Evi. § 1302; *Goulding* v. *Clark*, 34 N. H. 148.

The steps taken to appeal were not sufficient to give the appellate court jurisdiction. The notice of appeal was not served, and there was, as might be expected, no appearance by respondent in the Appellate Court. *Moore* v. *Besse*, 35 Cal. 184; *Franklin* v. *Reiner*, 8 Cal. 340; *Whipley* v. *Mills*, 9 Cal. 341.

The statement in the findings of the court, that notice of appeal was served, can have no effect. Beyond the issues made by the pleadings they are extra judicial and extra official.

The mayor's deed to the plaintiff was properly excluded. The mayor's power was statutory. He had none to sell, and was only authorized to convey after a valid and final adjudication in the Probate Court. *United States* v. *Jonas*, 19 Wall. 598; *United States* v. *Ross*, 92 U. S. 281; 2 Wharton on Evi. § 1318.

BOREMAN, J., delivered the opinion of the court:

Elizabeth L. Kinney, the appellant, brought this suit for the recovery of real estate, and the judgment being for respondent, said Kinney appealed.

The appellant, to support her case, offered the judgment roll of the Third District Court, in the case of *Kinney* v. *Lewis*, a contest between the same parties, under the Townsite Act, wherein both plaintiff and defendant claimed the mayor's deed to the certain piece of ground contested for, now in the action at bar. The respondent objected to the admission of the record, because neither the Probate Court nor the District Court on appeal from the Probate Court had jurisdiction; that this was a statutory action and the jurisdictional facts should appear on the record.

The statute gave the Probate Court jurisdiction for six months after public notice had been given by the mayor, as required by section 3, page 380 of the Compiled Laws of Utah, and by the same section it is further provided "that when good cause is shown why such statement could not be filed within the time herein specified, the judge may extend the time not exceeding one year from the first publication of said notice."

The statement of appellant in the present case was filed within the year. The question then arises, did the Probate Court extend the time beyond the first six months? That court took cognizance of the application of the said Kinney and of the application of the said Lewis, for the mayor's deed. It heard the witnesses of the parties pro and con., and afterwards decided against said Kinney and in favor of Lewis. It

evidently assumed to take jurisdiction, notwithstanding the filing was after the first six months. This would seem to be conclusive that the Probate Court did extend the time; but it further appears that the statement of the appellant was endorsed by the words "By permission, cause considered sufficient.—E. SMITH, Probate Judge." This clearly shows that the filing of the statement was by permission of the probate judge.

We do not see that any other construction can be given to the words "By permission." The filing after six months from the mayor's notice was all the permission that could be asked of the probate judge. Therefore, taking this language and the action of the court in hearing and acting upon the case, it is clear that the filing of the appellant's statement was by permission of the probate judge.

The language of that judge further is the "cause considered sufficient." This can mean nothing else than that the permission granted to appellant to file her statement was so granted for "cause considered sufficient." It was incumbent upon the probate judge to decide whether the cause was sufficient or not, to authorize the filing. The matter was left to his discretion, and based upon the fact whether there was good cause shown. The question of good cause being one to be found by the Probate Court, and it having passed upon it, there is at least a *prima facie* case as to jurisdiction in the Probate Court, made out by appellant, and one that if not contradicted in direct proceedings, cannot be questioned collaterally. Freeman in his works on "Judgment" and on "Void Judicial Sales," says, that, "Whenever the jurisdiction of a court not of record, depends on a fact which it is required to ascertain and settle by its decision, such decision, if the court had jurisdiction of the parties, is conclusive, and not subject to any collateral attack." Freeman's Void Jud. Sales, § 4; Freeman on Judg. § 523.

But on the appeal of said matters to the District Court, the finding made by the latter court puts the matter in still clearer

light. It says that " both parties have by application duly filed herein, in the Probate Court of Salt Lake County, claimed to be the legal owners," etc In this proceeding, it would seem that the facts showing the " good cause " were proven in the District Court, as that court could only make findings of facts proven, and the findings of that court are conclusive of the facts proven therein, when the evidence is not brought up.

But it is urged that the District Court had no jurisdiction, that the notice of appeal from the Probate Court to the District Court was not served. The findings of the District Court show " that the notice of said appeal was given and served on the respondent, and that the appeal was perfected in all things required by law." It was not necessary that the service of the notice should be endorsed on the notice. It may have been shown by oral testimony. As there was no evidence in the record offered showing the falsity of the findings, they are conclusive on this court as to the facts. Findings are a part of the judgment roll and impart verity. Civ. Pr. Act, § 203; C. L. p. 457; Freeman on Judg. §§ 76, 124–131; *Hahn* v. *Kelley*, 34 Cal. 392; Freeman on Void Sales, § 8.

The mayor's deed should have been admitted. It was not necessary that it should have been witnessed. C. L. (1166) § 1, pp. 379, 380.

Whether it was sufficient to carry the title, was a subject of after consideration and not then before the court; but taken in connection with facts found and decision made by the District Court in favor of the appellant in the contested case for the mayor's deed, it was certainly competent and sufficient to show title in the appellant herein. The deed was *prima facie* evidence itself, that every thing had been done that was necessary, to authorize the execution of the deed. *Cofield* v. *McLelland*, 16 Wall. 335.

The judgment of the court below is reversed and cause remanded.

HUNTER, C. J., and EMERSON, J., concur.